ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 9 2008
U.S. COURT OF FEDERAL CLAIMS

**PETER A. ANDERSON**

**v.**

**No. 08-260 C**
**Judge Emily C. Hewitt**

**THE UNITED STATES**

## COMPLAINT

COMES NOW the Plaintiff, PETER A. ANDERSON, by and through undersigned counsel, and files this Amended Complaint against the Defendant, R. JAMES "JIM" NICHOLSON in his official capacity as the Secretary of the DEPARTMENT OF VETERAN'S AFFAIRS, and says as follows:

## ALLEGATIONS PERTAINING TO JURISDICTION

1. This is an action brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 *et seq.*, requesting a Court of the United States to declare rights and other legal relations between Plaintiff, as an eligible service member, and Defendant under the Veterans' Administration housing loan-guarantee program, 38 U.S.C. Sections 3701 *et seq.*

2. This is also an equitable action for restitution of surplus funds received by the Defendant, which surplus constitutes equity of the Plaintiff in a home purchased with a loan guaranteed by the Defendant.

3. Further, this is an action for breach of an implied right of action under Federal law for the failure to refund Plaintiff's equity in a home purchased by Plaintiff with a loan guaranteed

by the Defendant following foreclosure of the loan by the lender, purchase of the home by Defendant at the foreclosure sale and re-sale of the home by Defendant.

4. Original jurisdiction over this civil action is properly lodged before the United States District Court pursuant to 28 U.S.C. Section 1331 because this case or controversy arises under the laws of the United States.

**ALLEGATIONS PERTAINING TO VENUE**

5. The real property, which was the subject of a federally guaranteed loan (hereinafter referred to as the "subject real property"), is located in Seminole County and is generally described as, 1760 Seneca Boulevard, Winter Springs, Florida 32708, PID# 08-21-31-5JU-0000-1410, and legally described as:

> LOT 141, TUSCAWILLA UNIT 14B, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 37, PAGES 6 THRU 10, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.

6. Venue is proper in the District Court for the Middle District of Florida because a substantial part of the events and omissions giving rise to the claims presented by this Complaint occurred in this District, because the property that is the subject of this action is situated in the Middle District, and because Defendant resides within this District, all within the contemplation of 28 U.S.C. Section 1391(b)(2) and (e)(2), (3).

7. Venue is appropriate within the Orlando Division of this District Court in that it has the greatest nexus with the case within the contemplation of Rule 1.02(c) of the RULES FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA.

**ALLEGATIONS AS TO THE PARTIES**

8. Plaintiff, PETER ANDERSON (hereinafter referred to as "ANDERSON"), is a natural person residing in Hernando County, Florida.

9. The Defendant, DEPARTMENT OF VETERAN'S AFFAIRS (hereinafter referred to as "DVA"), is and was, at all times material hereto, a department of the executive branch of the United States, 38 U.S.C. Section 301.

10. The DVA is responsible for administering the laws concerning veterans' rights in general and for providing veterans' housing loan programs in particular.

11. Defendant, R. JAMES "JIM" NICHOLSON (hereinafter referred to as "the Secretary" or as "NICHOLSON"), is the duly appointed and acting Secretary of the DVA and, as such, may sue or be sued in his official capacity for the acts of the Department pursuant to 38 U.S.C. Section 3720.

## ALLEGATIONS AS TO FACTS COMMON TO ALL COUNTS

12. ANDERSON is and was, at all times material hereto, a veteran of the armed services of the United States and thus eligible for veteran's housing benefits and the loan guarantee program under 38 U.S.C. Section 3702.

13. On or about March 1996, ANDERSON obtained financing for the purchase of the subject real property from Wells Fargo Home Mortgage, Inc. (hereinafter, "Wells Fargo"), which financing was secured by a note and mortgage and the guaranty of the DVA under its loan-guarantee program.

14. In 2000, ANDERSON became delinquent in his payments on the note and a default was taken against him.

15. On or about September 2000, Wells Fargo, the holder of the note and mortgage obligation, initiated an action in the Circuit Court for Seminole County, Case Number 00-CA-001889, to foreclose its security under the mortgage.

16. Upon information and belief, the lender also made claim against the DVA on its loan guaranty or as surety on the note.

17. In 2001, the Circuit Court in and for Seminole County, Florida, did enter judgment of foreclosure in favor of the holder of the obligation against Anderson.

18. The judgment liquidated the amount due under the note and mortgage and further set a sale date should the property not be redeemed.

19. The Clerk of the Court conducted a foreclosure sale pursuant to the terms of the above-referenced judgment.

20. The DVA submitted the highest bid at that sale and the Clerk of Court confirmed the sale and issued the certificate of title to the subject property to the DVA.

21. In August of 2001, DVA sold the subject real property to a third party by private sale.

22. DVA realized approximately $65,000.00 in profit over and above the guaranteed mortgage debt from the said re-sale.

23. Upon information and belief, there are no junior lien holders on the property who are entitled to any portion of the surplus proceeds of the foreclosure sale.

24. DVA did not remit to ANDERSON any part of the profit realized upon said re-sale.

25. DVA has been enriched in the amount of approximately $65,000.00.

**CLAIMS FOR RELIEF**
**COUNT ONE: DECLARATION OF RIGHTS**

26. This is an action for a declaration of rights pursuant to the federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 *et seq.*

27. Plaintiff re-alleges and re-avers Paragraphs One through Twenty-five (¶¶ 1 – 25) above and hereby incorporates the same by reference.

28. Plaintiff is in doubt as to his rights, status, immunities, and powers and other equitable and legal relations between Plaintiff and Defendant.

29. Plaintiff is further in doubt about his rights under statutory law concerning the veterans' home loan guarantee program.

30. Plaintiff is in need of a declaration of his rights with respect to Defendant, including but not limited to the following:

a. The terms of Defendant's obligation to disgorge any profits from the purchase and sale of veterans' collateral in excess of the balance due on their loans;

b. The right of Plaintiff to collect and receive any profits realized from the purchase and sale of veterans' collateral in excess of the balance due on their loans.

31. ANDERSON seeks a declaration that he has legal rights and privileges, and that Defendant owed and owes duties and obligations to him regarding the surplus from the sales proceeds. Plaintiff more particularly asks the Court to declare the following:

a. That Defendant has a duty to disgorge to Plaintiff any profits from the purchase and sale of his collateral in excess of the balance due on Plaintiff's loan and the judgment therefor;

b. That Plaintiff has a right to collect and receive the profits realized from the sale of the collateral for Plaintiff's guaranteed obligation in excess of the balance due on his loan and the judgment therefor.

32. Defendant claims that it neither owed nor now owes any duty nor obligation to Plaintiff, and that ANDERSON has no right nor claim to any surplus funds, nor accounting thereof, more particularly concerning the following:

a. That Defendant has a duty to disgorge to Plaintiff any profits from the purchase and sale of his collateral in excess of the balance due on Plaintiff's loan and the judgment therefor;

b. That Plaintiff has no right to collect and receive the profits realized from the sale of the collateral for Plaintiff's guaranteed obligation in excess of the balance due on his loan and the judgment therefor.

33. There exists between the parties hereto an actual, bona fide and substantial question at issue and in dispute, and a substantial uncertainty of legal relations, requiring the Court's determination and declaration.

34. Plaintiff also requests the Court, upon declaration, to grant further and necessary relief, by entering an injunction, awarding damages, and granting judgment against Defendants.

35. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for the services rendered herein.

**DEMAND FOR RELIEF**

Plaintiff, PETER A. ANDERSON, requests the Court to take jurisdiction over this matter, to declare the rights of the parties, to grant further necessary or proper relief in favor of the Plaintiff and against the Defendant, R. JAMES "JIM" NICHOLSON in his official capacity

as the Secretary of the DEPARTMENT OF VETERAN'S AFFAIRS, for the amount of the sale surplus, together with interest, attorney's fees, and the costs of this action, and to grant such other and further relief as is just and proper.

**COUNT TWO: RESTITUTION FOR ULTRA VIRES ACT IN VIOLATION OF 38 U.S.C. §3732 (A)(1)**

36. Plaintiff re-alleges and re-avers Paragraphs One through Twenty-five (¶¶ 1 – 25) above and hereby incorporates the same by reference.

37. The Defendant Department of Veteran's Affairs ("DVA") was authorized by various acts of the United States Congress to administer certain benefit programs for, and on behalf of, U.S. Veterans.

38. As a creation of Congress, the DVA can only act in accord with the authority delegated to it by Congress.

39. Pursuant to 38 U.S.C. §3710(a)(1) and as authorized therein, any loan to a veteran made for the purchase of a home is automatically guaranteed by the DVA.

40. Plaintiff was the beneficiary of a home loan guaranty under 38 U.S.C. §3710(a)(1) for a loan to purchase the subject real property.

41. Pursuant to 38 U.S.C. §3732(a)(1) Procedure on Default, the Secretary of the DVA is subrogated to the rights of the holder of an obligation **to the extent of the amount paid** by the Secretary of the DVA to the holder of the obligation on the guaranty.

42. The holder of the obligation under the facts of this case was Wells Fargo.

43. Pursuant to the aforesaid statute, the DVA's subrogation rights are expressly defined and limited to the amount paid by the DVA to Wells Fargo.

44. The DVA has received and retained monies in excess of its subrogation rights following its purchase and re-sale of the subject real property.

45. As between the Plaintiff and DVA, the Plaintiff has a greater right to the excess monies by virtue of the fact that the proceeds received by the DVA exceed the subrogation rights of the DVA and equitable principles of fairness and the beneficial purposes of the loan guaranty program favor Plaintiff.

46. By retaining the excess monies, the Defendant DVA has exceeded its statutory authority.

47. Plaintiff has been injured by the Ultra Vires actions of the Defendant.

## DEMAND FOR RELIEF

Plaintiff, PETER A. ANDERSON, requests the Court to take jurisdiction over this matter, to find in favor of the Plaintiff and against Defendant R. JAMES ("JIM") NICHOLSON, in his official capacity, as the Secretary of the DEPARTMENT OF VETERAN'S AFFAIRS and grant judgment to Plaintiff and award him the monies received by Defendant in excess of the amount it paid on the loan guaranty and its other expenses in the re-sale of the subject real property; and further award Plaintiff interest on said amount, his attorney's fees, and the costs of this action, and to grant such other and further relief as is just and proper.

## COUNT THREE: BREACH OF IMPLIED RIGHT OF ACTION FOR FAILURE TO REFUND EXCESS PROCEEDS

48. Pursuant to 38 U.S.C. §3710(a)(1), any authorized loan to a veteran for the purchase of home is automatically guaranteed by the DVA.

49. Pursuant to 38 U.S.C. §5302, the DVA has the authority to waive payment from the veteran for a deficiency balance due the DVA following a default and loss of the veteran's property through foreclosure based on "equity and good conscience".

50. Pursuant to 38 CFR 1.967(d), where the amount collected by the DVA on a loan guaranty exceeds the balance of the indebtedness, the DVA will refund the difference to the veteran.

51. As alleged in paragraph Twenty-two (¶22), the DVA collected approximately $65,000.00 in excess of the indebtedness on its loan guaranty in this matter, including its costs of re-sale.

52. These statutes and regulations, when read together, give rise to an implied cause of action to the veteran for a refund of a surplus received by the DVA with respect to a loan guaranty by the DVA on behalf of that veteran.

53. The DVA received a surplus on its loan guaranty of the subject loan to Plaintiff in this case.

54. Plaintiff made demand for the return of this surplus.

55. Defendant DVA has failed and/or refused to refund this surplus in violation of its implied duty under Federal Statute and Regulation.

**DEMAND FOR RELIEF**

Plaintiff, PETER A. ANDERSON, requests the Court to take jurisdiction over this matter, to find in favor of the Plaintiff and against Defendant R. JAMES ("JIM") NICHOLSON, in his official capacity, as the Secretary of the DEPARTMENT OF VETERAN'S AFFAIRS and grant judgment to Plaintiff and award him the monies received by Defendant in excess of the amount it paid on the loan guaranty and its other expenses in the re-sale of the subject real property; and further award Plaintiff interest on said amount, his attorney's fees, and the costs of this action, and to grant such other and further relief as is just and proper.

Respectfully submitted,

Christopher A. Anderson, Esq.
Gorham & Gorham, Inc.
P.O. Box 46 (25 Danielson Pike)
North Scituate, RI 02857
401 647-1400 fax: 401 647-1446
e-mail: CAnderson@GorhamLaw.com