IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PETER A. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-260C |
| | ) | (Judge Emily C. Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant, the United States, respectfully requests that this Court deny plaintiff's motion for default judgment. Due to a regrettable calendaring error, we mistakenly failed to timely file a response to plaintiff's complaint pursuant to Rule 12 of the Rules of the United States Court of Federal Claims ("RCFC"). We respectfully submit that this inadvertent failure, however regrettable, does not constitute grounds for default judgment. Moreover, plaintiff's motion for default judgment is now moot, in light of the Court's order granting an enlargement of time to respond in this matter and our filing of a motion to dismiss in this case.

STATEMENT OF FACTS

Mr. Anderson filed his complaint in this Court on May 9, 2008. The undersigned counsel of record inadvertently miscalculated the date on which the Government's response to Mr. Anderson's complaint was due, and, operating under the mistaken impression that the Government's response was due on July 11, 2008, failed to file its response to the complaint by the due date of July 8, 2008. Mr. Anderson filed a motion for default judgment in the early morning hours of July 9. In light of this filing, we consulted with Mr. Anderson's counsel, and filed an unopposed out-of-time motion for an enlargement of time until July 15, 2008, to respond to the complaint. In our motion, we cited our mistake and the need to complete additional

rounds of internal review of the response. The Court granted our motion on July 10, 2008. We filed our motion to dismiss on July 15, 2008. We regret any inconvenience that our inadvertent failure to file a timely response to Mr. Anderson's complaint has caused to the Court and to Mr. Anderson.

ARGUMENT

It is "well-established . . . that a trial on the merits is favored over default judgment." Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993). "'Judgment by default is a drastic step which should be resorted to only in the most extreme cases.'" Id. at 796 (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)). In ruling upon a motion for default judgment, the Court should consider three factors: (1) whether the party moving for default judgment will be prejudiced; (2) whether the allegedly defaulting party has a meritorious defense; and (3) whether culpable conduct of the allegedly defaulting party led to the action that is the basis for the motion for default judgment. See id. at 795 (citing factors that should be considered in ruling upon a motion for relief from default judgment). For the reasons set forth in detail below, all of these factors militate in favor of denying the motion for default judgment made by the plaintiff in this case.

First, Mr. Anderson has not been prejudiced by our failure to timely respond to the complaint. Not only is it the case that his counsel graciously consented to our out of time request for an enlargement of time to respond to the complaint, but only a week has passed between the due date of our response and the filing of our motion to dismiss.

Second, we have a meritorious defense to this action, as set forth in detail in our motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim

upon which relief may be granted.

Finally, there has been no culpable conduct upon our part in failing to file a timely response to the complaint. In considering culpability, this Court considers whether we willfully failed to file the answer and intended to violate court rules and procedures. See Info. Sys., 994 F.2d at 796. As discussed above, our failure to file the answer was inadvertent, and was not a willful disregard of court rules and procedures. See id. We will take great care to avoid a recurrence in the future, and we apologize to both the Court and to the plaintiff for our error.

In sum, Mr. Anderson has not been prejudiced by our failure to file a timely response to his complaint, we have a meritorious defense to this action, and our conduct in failing to file was not culpable. Moreover, in light of both the Court's order granting our out of time motion for enlargement of time to respond to the complaint, and our filing of the accompanying motion to dismiss, the motion for default judgment is now moot. Accordingly, Mr. Anderson's motion for default judgment should be denied.

## CONCLUSION

For the reasons set forth above, we respectfully request that this Court deny plaintiff's motion for default judgment.

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel: (202) 616-8254
Fax: (202) 514-8624

July 15, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2008 a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley